# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS<br>4115 Chesapeake Street, N.W.<br>Washington, D.C. 20016,<br><br>and<br><br>BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE EMPLOYERS HEALTH AND WELFARE FUND<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036,<br><br>and<br><br>BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PLCA NATIONAL PIPELINE TRAINING FUND<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENVIRONMENTAL RECLAMATION SOLUTIONS, LLC d/b/a<br>INDIANHEAD PIPELINE SERVICES, LLC<br>13167 County Highway OO<br>Chippewa Falls, Wisconsin 54729-7313,<br><br>    Serve: Registered Agent<br>    James Rooney<br>    13167 County Highway OO<br>    Chippewa Falls, Wisconsin 54729-7313,<br><br>    Defendant. | C O M P L A I N T |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUNDS)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

### PARTIES

1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael A. Crabtree, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund")

is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health and Welfare Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

3. Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Pipe Line Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Pipe Line Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust.  The Pipe Line Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the Pipe Line Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Pipe Line Training Fund is funded as required by

collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

4. Defendant Environmental Reclamation Solutions, LLC d/b/a Indianhead Pipeline Services, LLC ("Environmental Reclamation"), is a Wisconsin limited liability company with an office located at 13167 County Highway OO, in Chippewa Falls, Wisconsin, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

5. This is an action to collect contributions due to employee benefit plans under the terms of collective bargaining agreements and trust agreements. This Court has subject matter jurisdiction under §§ 502(a)(3), (e)(1) and (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (g) and 1145, and 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

7. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

8. Defendant Environmental Reclamation has been bound at all relevant times to the National Distribution, Utilities & Maintenance Agreement and the National Pipe Line Agreement with the International Union of Operating Engineers ("Agreements") that govern

the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

9. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Plaintiffs for certain hours worked by employees of the Defendant performing work covered by the Agreements.

10. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

13. Pursuant to the Restated Agreements and Declarations of Trust, an employer making contributions to the Plaintiffs is obligated to supply records necessary to permit the Plaintiffs to determine if the employer is making the required payments.

14. During the months of January 2014 through December 2016 the Defendant employed employees performing work covered by the Agreements.

15. Calibre CPA Group PLLC conducted a payroll compliance review of the Defendant's books and records for the period January 2014 through December 2016, which was completed in or around October 2019.

16. Pursuant to that payroll compliance review, it was discovered that the Defendant failed to pay all contributions owing to the Plaintiffs Central Pension Fund, Health and Welfare Fund, and Pipe Line Training Fund for work performed under the National Pipeline Agreement during various months within the period January 2014 through December 2016.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUNDS)

17. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth in this Count I.

18. In or around October 2019 Calibre CPA Group PLLC completed a payroll audit of the records supplied by the Defendant for the period January 2014 through December 2016.

19. The results of the audit revealed that during various months within the period January 2014 through December 2016, the Defendant failed to pay all contributions owing to the Central Pension Fund, Health and Welfare Fund, and Pipe Line Training Fund for work performed under the National Pipeline Agreement in the total amount of $291,812.55.

20. The Defendant failed to pay the amounts owing to the Central Pension Fund, Health and Welfare Fund, and Pipe Line Training Fund as revealed by the audit.

21. By virtue of the failure to pay all contributions as contractually required, the Defendant is in contravention of the Agreement and the obligations under the Central Pension Fund's, Health and Welfare Fund's, and Pipe Line Training Fund's respective Agreements and Declarations of Trust, and Section 515 of ERISA.

22. The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund, Health and Welfare Fund, and Pipe Line Training Fund.

23. The Central Pension Fund, Health and Welfare Fund, and Pipe Line Training Fund are entitled to judgment against the Defendant for all contributions owed, all unpaid liquidated damages and interest owed on late and unpaid contributions, attorneys' fees, costs, and audit fees.

24. The Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiffs for work performed during the months of January 2014 through December 2016.

B. For liquidated damages and interest for any late-paid and unpaid contributions owed as provided for in the Plaintiffs' Agreements and Declarations of Trust and/or pursuant to 29 U.S.C. § 1132(g)(2), through the date of judgment.

C. For such contributions, interest, and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiffs subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreement, Agreements and Declarations of Trust and/or 29 U.S.C. § 1132(g)(2).

D.  For audit fees, costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and/or the Plaintiffs' Agreements and Declarations of Trust up to the date of judgment.

E.  Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 13, 2020

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 362-2640
cgilligan@odonoghuelaw.com

By:   /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 13th day of May, 2020, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, D.C. 20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, D.C. 20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan