UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CRABTREE, *et al.*, <br><br>    Plaintiffs, <br><br>    v. <br><br>ENVIRONMENTAL RECLAMATION SOLUTIONS, LLC, <br><br>    Defendant. | Civil Action No. 20-1266 (CKK) |

**MEMORANDUM OPINION**
(April 27, 2021)

Plaintiffs[1] are multiemployer pension and welfare benefit plans, organized under the Employee Retirement Income Security Act of 1974 ("ERISA"). On May 13, 2020, Plaintiffs filed a Complaint against Defendant Environmental Reclamation Solutions, LLC ("Environmental Reclamation"), alleging that Environmental Reclamation failed to make certain contractually-obligated contributions owed to Plaintiffs. Although properly served with the Complaint and Summons, Environmental Reclamation failed to respond to Plaintiffs' Complaint, and the Clerk of the Court entered default against Environmental Reclamation on December 9, 2020. *See* Clerk's Entry of Default, ECF No. 13, at 1. Now pending before the Court is Plaintiffs' [14] Motion for Entry of Judgment by Default. Upon consideration of Plaintiffs' submissions, the attachments thereto, the relevant legal authorities, and the record as a whole, the Court will **GRANT** Plaintiff's Motion for Entry of Judgment by Default.

---

[1] The "Plaintiffs" in this action are: (1) Mr. Michael A. Crabtree, in his official capacity as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (the "Central Pension Fund"), (2) the Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund (the "Health and Welfare Fund"), and (3) Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund (the "Pipe Line Training Fund"). *See* Compl., ECF No. 1, ¶¶ 1–3.

1

## I.  BACKGROUND

Plaintiffs Central Pension Fund, Health and Welfare Fund, and Pipe Line Training Fund are multiemployer pension and welfare benefit plans, organized under ERISA. *See* Compl., ECF No. 1, ¶¶ 1–3. Plaintiffs are funded by participating employers and unions affiliated with the International Union of Operation Engineers, under the terms of various collective bargaining agreements. *See id.* Environmental Reclamation is one such "employer obligated to make contributions to [Plaintiffs] under the terms of [a] collective bargaining agreement." Crabtree Aff., ECF No. 14-3, App'x 2, ¶ 8. Specifically, Plaintiffs allege that Environmental Reclamation "has been bound at all relevant times to the National Distribution, Utilities & Maintenance Agreement and the National Pipe Line Agreement with the International Union of Operating Engineers" (the "Agreements"), which "govern the wages, benefits and terms and conditions of employment of certain employees performing work for [Environmental Reclamation]." Compl., ECF No. 1, ¶ 8.

Under the Agreements, Environmental Reclamation "agreed to pay certain sums of money to the Plaintiffs for certain hours worked by employees of [Environmental Reclamation] performing work covered by the Agreements." *Id.* ¶ 9. The Agreements also required Environmental Reclamation to prepare periodic "remittance reports," identifying the number of qualifying employee hours worked during a given period and the corresponding fund contribution amounts owed to Plaintiffs. Crabtree Aff., ECF No. 3, App'x 2, ¶ 10. "During the months of January 2014 through December 2016 [Environmental Reclamation] employed employees performing work covered by the Agreements." Compl., ECF No. 1, ¶ 14. Environmental Reclamation self-reported its fund contributions for the 2014-16 period, by preparing periodic remittance reports during that time. *See* Crabtree Aff., ECF No. 3, App'x 2, ¶ 10.

In October 2019, a third-party accounting consultant called Calibre CPA Group, PLLC ("Calibre") completed an audit of Environmental Reclamation and compared its payroll records to

2

its remittance reports for the 2014-16 period. *Id.* ¶ 11; *see also* Compl., ECF No. 1, ¶ 15. During the audit, Calibre discovered that Environmental Reclamation "failed to pay all contributions owing to [Plaintiffs] for work performed under the National Pipeline Agreement during various months within the period January 2014 through December 2016." Compl., ECF No. 1, ¶ 16. Calibre originally calculated that Environmental Reclamation's contribution deficiency for the 2014-16 period totaled $291,812.55. Crabtree Aff., ECF No. 14-3, App'x 2, ¶ 11. Calibre subsequently provided its audit findings to Environmental Reclamation for review, and, in response, Environmental Reclamation "submitted various documents and data to adjust the findings of the audit." *Id.* ¶ 13. Calibre analyzed the responsive material proffered by Environmental Reclamation and provided a final revised audit report that identified a contribution deficiency of "$265,018.74 for the work months of January 2014 through December 2016." *Id.* ¶ 14.

On May 13, 2020, Plaintiffs filed a single-count civil action against Environmental Reclamation to recover the unpaid 2014-16 contributions, as well as interest on the delinquent payments, liquidated damages, and attendant fees and costs. *See* Compl., ECF No. 1, ¶¶ 17–24. Plaintiffs asserted their claim under Sections 515 and 502(a) of ERISA. *See id.*; 29 U.S.C. §§ 1145, 1132(a). Pursuant to Federal Rule of Civil Procedure 4(h), Plaintiffs served the Complaint and Summons on Environmental Reclamation, and then filed proof of service with the Court on August 11, 2020. *See* Aff. of Service, ECF No. 5, at 1. Environmental Reclamation, however, failed to respond or otherwise plead, and on December 8, 2020, Plaintiffs moved for the entry of default. *See* Request for Default, ECF No. 12, at 1; Fed. R. Civ. P. 55(a). On December 9, 2020, the Clerk of the Court entered default against Environmental Reclamation. *See* Clerk's Entry of Default, ECF No. 13, at 1. Thereafter, Plaintiffs filed their Motion for Entry of Judgment by

Default, *see* Pl.'s Mot., ECF No. 14, at 1, which is now pending before the Court. As of the date of this Memorandum Opinion, Environmental Reclamation has neither entered an appearance nor filed any pleadings in this case.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court "must enter [a] party's default" when a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default has been entered by the clerk, a court may enter a default judgment against that party pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55(b). The "determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trade Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trade Indus. Pension Fund v. R.W. Armine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). In ruling on such a motion, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). The moving party is "entitled to all reasonable inferences from the evidence offered." *Id.* (citation omitted).

4

### III.    DISCUSSION

For the reasons set forth herein, the Court will **GRANT** Plaintiffs' [14] Motion and enter a default judgment against Environmental Reclamation for the contribution claim in Plaintiffs' Complaint.  *See* Compl., ECF No. 1, ¶¶ 17–24.  Furthermore, upon review of the damages evidence submitted by Plaintiffs, the Court shall enter a judgment for Plaintiffs in the amount of $424,798.79, inclusive of unpaid contributions, liquidated damages, interest, and attendant fees and costs.

**A.   Default Judgment**

To warrant default judgment, the defendant "must be considered a 'totally unresponsive' party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment."  *Auxier Drywall*, 531 F. Supp. 2d at 57 (quoting *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)).  Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied."  *Id.* (internal quotation marks and citation omitted); *see United States v. Bentley*, 756 F. Supp. 2d 1, 3 (D.D.C. 2010) (same).

In the present case,[2] the Clerk of the Court entered default against Environmental Reclamation, and therefore the factual allegations in the Complaint are taken as true.  *See R.W. Amrine Drywall*, 239 F. Supp. 2d at 30.  The Court finds that Plaintiffs' Complaint sufficiently alleges facts to support their ERISA claim for contractually-obligated employer contributions.  Under § 515 of ERISA, "[e]very employer who is obligated to make contributions to a

---

[2] The Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 1132(a)(3), (e), 1145, and personal jurisdiction over Environmental Reclamation pursuant to 29 U.S.C. § 1132(e)(2). Venue is also proper pursuant to 29 U.S.C. § 1132(e)(2).  *See* Compl., ECF No. 1, ¶¶ 5–7.

multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.  In turn, § 502 of ERISA, enables plan participants, beneficiaries, or fiduciaries to bring a civil action against employers to redress contribution violations.  29 U.S.C. § 1132(a)(3); *see also Laborers Health & Welfare Tr. Fund For N. California v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988) ("The liability created by § 515 may be enforced by the trustees of a plan by bringing an action in federal district court pursuant to § 502.").

Here, Plaintiffs well-pleaded factual allegations, taken as true in the default setting, establish that Environmental Reclamation is an "employer" under ERISA.  Compl., ECF No.1, ¶ 4.  Plaintiffs also demonstrate that Environmental Reclamation was obligated by the National Pipe Line Agreement to make contributions to Plaintiffs, in accordance with the number of qualifying hours of work performed by employees under that collective bargaining agreement.  *See id.* ¶ 9; Crabtree Aff., ECF No. 14-3, App'x 22–34, at Ex. B (Nat'l Pipe Line Agreement).  But from January 2014 through December 2016, Environmental Reclamation failed to make contributions to Plaintiffs commensurate with the total number of qualifying hours worked by its employees under the National Pipe Line Agreement.  *See* Compl., ECF No. 1, ¶ 16; Crabtree Aff., ECF No. 14-3, App'x 2, ¶ 11.  This contribution deficiency was a violation of the National Pipe Line Agreement and of § 515 of ERISA, and, accordingly, the Court finds that Plaintiffs have sufficiently alleged facts to support their claim.  Plaintiffs are, therefore, entitled to default judgment as to Environmental Reclamation's liability for its failure to timely pay contributions to Plaintiffs.  *See, e.g.*, *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (finding

an employer liable in the default setting for its failure to make contractually-obligated contributions owed to Central Pension Fund).

**B. Damages**

Although the default establishes Environmental Reclamation's liability, the Court must make an independent determination of the sum to be awarded unless the amount of damages is certain. *See Adkins*, 180 F. Supp. 2d at 17. In making such a determination, the Court may conduct a hearing, *see* Fed. R. Civ. P. 55(b)(2), but it is not required to do so if the Court "ensure[s] that there [is] a basis for the damages specified in the default judgment," *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (alterations in original) (citation omitted); *see also Adkins*, 180 F. Supp. 2d at 17 (stating court may instead "rely on detailed affidavits or documentary evidence to determine the appropriate sum"). District courts have "considerable latitude" when deciding the amount of damages. *Boland*, 763 F. Supp. 2d at 67 (citation omitted). As set forth below, the Court concludes that Plaintiffs have produced competent evidence—in their Complaint, their Motion for Entry of Judgment by Default, and the exhibits attached thereto—to establish that Environmental Reclamation is liable to Plaintiffs in the total amount of $424,798.79.

Here, pursuant to Plaintiffs' Restated Agreements and Declarations of Trust, violating "employers" like Environmental Reclamation are obligated to pay: (a) the total amount of unpaid fund contributions still outstanding; (2) liquidated damages at the rate of 20% of the contributions owed; (3) interest at the rate of 9% per annum; and (4) legal costs and attorneys' fees, and (5) audit fees. *See* Compl., ECF No. 1, ¶¶ 9–12; Crabtree Aff., ECF No. 14-3, App'x 6–20, at Ex. A (Agreements & Decl. of Trust). In addition, pursuant to § 502(g)(2) of ERISA, Plaintiffs are entitled to an award of: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or

7

(ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.  29 U.S.C. § 1132(g)(2).

Plaintiffs have submitted ample documentary evidence, including sworn affidavits and the governing contracts, to address the scope of their damages.  The Court has reviewed this evidence and concludes that it establishes that Plaintiffs are entitled to damages in the total of amount of $424,798.79, based upon the following categories:

- **Contributions**: Plaintiffs have established that Environmental Reclamation owes damages in the amount of **$265,018.74**, for unpaid fund contributions owed under the National Pipe Line Agreement for work performed by its employees during the months of January 2014 through December 2016.  *See* Crabtree Aff., ECF No. 14-3, App'x 2–3, ¶¶ 9–14; *id.*, App'x 47–92, at Ex. E (Calibre Audit Rpt.).

- **Liquidated Damages**:  Plaintiffs have established that Environmental Reclamation owes damages in the amount of **$39,752.81**, for liquidated damages at a rate of 15%[3] of the total amount of Environmental Reclamation's unpaid fund contributions during the months of January 2014 through December 2016.  *See* Crabtree Aff., ECF No. 14-3, App'x 3, ¶ 15; *id.*, App'x 6–20, at Ex. A (Agreements & Decl. of Trust).

- **Interest**: Plaintiffs have established that Environmental Reclamation owes damages in the amount of **$106,128.74**, for prejudgment interest at a rate of 9% per annum on the total amount of Environmental Reclamation's unpaid fund contributions during the months of January 2014 through December 2016.  *See* Crabtree Aff., ECF No. 14-3, App'x 3, ¶ 16; *id.*, App'x 6–20, at Ex. A (Agreements & Decl. of Trust) (including interest rate terms and provisions); *id.*, App'x 47, at Ex. E (Calibre Audit Rpt.) (calculating 9% interest fee on unpaid contributions).

- **Attorneys' Fees and Costs**: Plaintiffs have established that Environmental Reclamation owes damages in the amount of **$6,386.00**, for reasonable attorneys' fees

---

[3] Although their Restated Agreements and Declarations of Trust provide for liquidated damages of 20%, *see* Compl., ECF No. 1, ¶ 10, Plaintiffs have agreed to accept a reduced rate of 15% for the purposes of default judgment, *see* Pls.' Mem., ECF No. 14-1, at 7.

and costs incurred through Plaintiffs' prosecution of this civil action.  *See* Decl. of Att'y Fees and Legal Costs, ECF No. 14-3, App'x 93–94, ¶¶ 1–8.

- **Audit Fee**: Plaintiffs have established that Environmental Reclamation owes damages in the amount of **$7,512.50**, for the fee charged by a certified public accounting firm for its audit of Environmental Reclamation's fund contributions during the months of January 2014 through December 2016.  *See* Crabtree Aff., ECF No. 14-3, App'x 3, ¶ 18 ("The Funds' respective Agreements and Declarations of Trust obligate employers, like [Environmental Reclamation] to pay the cost of payroll audits. . . . Calibre CPA Group, PLLC . . . was paid $7,512.50 for its work in connection with the [Environmental Reclamation] audit findings.").

Therefore, pursuant to the terms of Plaintiffs' Restated Agreements and Declarations of Trust and 29 U.S.C. § 1132(g)(2), the Court shall award Plaintiffs a monetary judgment in the amount of **$424,798.79**.

## IV. CONCLUSION

For the reasons provided in this Memorandum Opinion, the Court finds that Plaintiffs have met all necessary preconditions to obtain a default judgment against Environmental Reclamation and that a default judgment is appropriate on this record.  Accordingly, the Court will **GRANT** Plaintiffs' [14] Motion for Entry of Judgment by Default and shall award Plaintiffs a monetary judgment in the amount of **$424,798.79**, inclusive of unpaid contributions, liquidated damages, interest, and attendant fees and costs.  An appropriate Order accompanies this Memorandum Opinion.

**Date**: April 27, 2021

> _____/s/_____
> COLLEEN KOLLAR-KOTELLY
> United States District Judge